IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE SHULTZ, | ) |
| Plaintiff, | ) ) ) ) Civil Action No. 22-1352 |
| v. | ) ) |
| ANTHONY D. FOLINO CONSTRUCTION, INC.; LABORERS' UNION HEAVY HIGHWAY LOCAL 1058; | ) ) ) |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint and brief in support thereof filed by Defendant Laborers' Union Heavy Highway Local 1058 ("Local 1058"). (Docket Nos. 19, 20). Plaintiff Christine Shultz's ("Shultz") brief in opposition to the motion and Local 1058's reply brief are also before the Court. (Docket Nos. 24, 25). For the reasons explained herein, the Court will grant Local 1058's motion to dismiss without prejudice.

In her First Amended Complaint ("FAC"), Shultz alleges that Defendant Anthony D. Folino Construction, Inc. ("Folino"), *inter alia*, failed to provide her and other female employees with appropriate restroom facilities and perpetuated a hostile work environment wherein she was subject to threats of physical violence and harassment. (Docket No. 17, ¶¶ 47, 61, 63). With respect to Local 1058, Shultz avers that she informed Local 1058 that she wanted to initiate a grievance process regarding the lack of appropriate restrooms and the unsafe work environment. (*Id.* ¶ 91). She further avers that a representative of Local 1058 "assured [her] he would take necessary steps to address her issues at the construction sites," but that she was subsequently "moved to a new work location for two days by [Local 1058] before being terminated without adequate reasoning." (*Id.* ¶¶ 92-93). She alleges that Local 1058 did not thereafter call her for

"future work assignments." (*Id.* ¶ 94). And she alleges Local 1058 failed to adhere to grievance procedures set out in a collective bargaining agreement and failed to "participate in the grievance process, interview [her], or conduct conferences with the involved parties." (*Id.* ¶¶ 95, 99). She argues that Local 1058 thus breached its duty of fair representation and engaged in unfair labor practices in violation of Section 301 of the Labor Management Relations Act ("LMRA"). (*Id.* at pgs. 14-16).[1]

Local 1058 now moves to dismiss Shultz's claim against it for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[2] Local 1058 argues that Shultz has not presently articulated any plausible claim against it, and at this time, the Court agrees. To the extent that Shultz avers that Local 1058's alleged breach of the duty of fair representation is itself an unfair labor practice, Local 1058 correctly points out that unfair labor practices claims are within the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). *Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 378 (3d Cir. 1999) (discussing *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959)) ("*Garmon* preemption protects the exclusive jurisdiction of the NLRB over unfair

---

[1] This claim is identified in the FAC as "Count V," however there are two "Count V" claims therein. (Docket No. 17, pgs. 14, 16). There are six (6) total counts in Shultz's FAC. For all but one of them, Shultz specifies the relevant defendant in a parenthetical note, *e.g.*, "Plaintiff v. A. Folino Construction, Inc." (*Id.* at pg. 6). Local 1058 points out that there is no such parenthetical for Count III, (Retaliation in Violation of Title VII and the PHRA). (*Id.* at pg. 11). However, the averments appearing in Count III seem to be directed at Folino. (*Id.* at pgs. 11-12). Accordingly, the Court herein focuses on the first Count V, *i.e.*, Shultz's claim that Local 1058 breached its duty of fair representation and thus engaged in an unfair labor practice.

[2] When the Court considers a Rule 12(b)(6) motion it must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff to "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). The Court employs three steps to so review a complaint. *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court notes the elements of a claim. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court eliminates conclusory allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679). And finally, the Court assumes the remaining well-pleaded facts are true and assesses "whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

labor practice proceedings; accordingly, if a cause of action implicates protected concerted activity under section 7 of the [National Labor Relations Act ("NLRA")] or conduct that would be prohibited as an unfair labor practice under section 8 of the NLRA, the cause of action is preempted.").

Construing Shultz's claim against Local 1058 strictly as a breach of duty of fair representation claim, it is the Court's determination that she fails to articulate a plausible claim in the FAC.  A plaintiff who wishes to sue her union for breach of the duty of fair representation must demonstrate that her employer breached the collective bargaining agreement.  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983); *Muhammad v. Smart/United Transp. Union Loc. 759*, No. CV 16-8344 (JLL), 2018 WL 1522732, at *4 (D.N.J. Mar. 28, 2018) ("[W]hen alleging breach of the duty of fair representation against a union, a plaintiff must plead 'that the employer's action violated the terms of the CBA and that the union breached its duty of fair representation.'" (quoting *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 564 (1990))).  In this case, Shultz's factual averments concerning Folino's breach of a collective bargaining agreement are vague and conclusory.  Her claim against Folino for breach of a collective bargaining agreement appears in the FAC as Count IV.  (Docket No. 17, pgs. 12-14).  Therein she alleges that "[u]pon information and belief, Defendant Folino … breached the terms of the collective bargaining agreement when they terminated Ms. Shultz." (*Id.* ¶ 83).  But Shultz never further describes the collective bargaining agreement, nor identifies any pertinent provisions that are alleged to have been violated.  Accordingly, her allegation of a breach of a collective bargaining agreement is too nonspecific and conclusory to defeat Local 1058's motion to dismiss Shultz's claim for breach of the duty of fair representation.

Shultz protests this outcome by arguing that she has alleged violations of obligations that, if "not explicit in the [collective bargaining agreement]," "would be implied as a matter of law." (Docket No. 24, pg. 9). But Shultz cites no authority in support of this argument. For all these reasons, the Court will grant Local 1058's motion. However, the Court presently makes no finding of "undue delay, bad faith, dilatory motive, prejudice, and futility," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997), and will therefore afford Shultz a window for further amendment of her claim against Local 1058.[3]

Accordingly, the Court enters the following Order:

AND NOW, this 27th day of March 2024,

IT IS HEREBY ORDERED that

1. Defendant Local 1058's Motion to Dismiss the First Amended Complaint (Docket No. 19) is **granted** and Plaintiff's claim against Local 1058 is **dismissed without prejudice** to amendment of the First Amended Complaint with sufficient facts to state a claim upon which relief can be granted.

---

[3] At this time the Court will not reach Local 1058's argument that Shultz's claim against it is barred by the six-month statute of limitations for hybrid claims brought pursuant to Section 301 of the LMRA. Should Shultz choose to further amend, she is now aware of Local 1058's argument that her claim against it was not timely asserted within six months of when she discovered, "or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 260 (3d Cir. 1990) (quoting *Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986)). Shultz does not protest the application of the six-month statute of limitations as a general matter (Docket No. 24, pg. 13); rather, she argues that she did not realize she had been wrongfully terminated prior to March 2022, she had no reason to believe before then that she had been fired, and that Local 1058 misled her to believe it was pursuing a grievance when a representative assured her that her concerns about workplace safety and access to adequate restroom facilities would be addressed. (*See* Docket No. 17, ¶¶ 30, 92). Shultz's averments and argument in this regard is somewhat unclear insofar as Shultz at times fails to distinguish between Local 1058's alleged failure to pursue appropriate grievance procedures with respect to (a) her safety and restroom-facility concerns and (b) her alleged wrongful termination. Her averments and arguments are also unclear with respect to which Defendant—Folino or Local 1058—she refers to when, for instance, she alleges that she "inquired several times … about when she would be scheduled for a job, however she was never called back." (*Id.* ¶ 32).

2. If Plaintiff chooses to file a Second Amended Complaint, then she shall do so by **April 10, 2024**, in which case Local 1058 shall file its response thereto by **April 24, 2024**.

3. If Plaintiff does not file a Second Amended Complaint by **April 10, 2024**, then Plaintiff's claim against Local 1058 will be **dismissed with prejudice**.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Cc/ecf:   All counsel of record